IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03149-KAS

ANA MARIA AGUILERA MOZQUEDA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of ICE's Denver Field Office,
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Plaintiff's **Emergency Petition for Writ of Habeas Corpus** [#1] (the "Petition").

      Petitioner, who has been detained by ICE since July 29, 2025, argues that a June 23, 2026 Order of Removal entered against her by an immigration judge should not be considered administratively final until a dispute concerning her choice to waive appeal is adjudicated. *Petition* [#1]. Thus, she argues, until such time as her dispute is resolved, she is not being detained pursuant to 8 U.S.C. § 1231 but is instead detained pursuant to 8 U.S.C. § 1226. *Id.* Therefore, she is entitled to post the bond previously set by an immigration judge for her release. *Id.*

      Although Respondents consider Petitioner's Order of Removal administratively final until such time as an immigration judge rules otherwise, and that Petitioner is accordingly being detained pursuant to 8 U.S.C. § 1231, Respondents nevertheless do not formally oppose the Petition and acknowledge that as a result, "the Court may . . . decide to grant the Petition and award appropriate relief." Respondents further acknowledge that Petitioner's immediate release is appropriate if left subject to appropriate conditions of supervision "to be set by the Department of Homeland Security."

In the absence of any argument to the contrary, and given the fact that Petitioner has been in detention for just shy of one year, the Court finds that under these circumstances, Petitioner is entitled to immediate release. Accordingly,

IT IS HEREBY **ORDERED** that the Petition [#1] is GRANTED. IT IS FURTHER **ORDERED** that Respondents release Petitioner within one day of the date of this Order under appropriate conditions of supervision.

IT IS FURTHER ORDERED that Respondents file a status report to certify compliance **within 7 days of the issuance of this Order**.

Dated: July 21, 2026